# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOARDACTIVE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>FOURSQUARE LABS, INC.,<br><br>        Defendant. | C.A. No. 22-597-JDW<br><br>**JURY TRIAL DEMANDED** |

## FOURSQUARE LABS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated: September 23, 2022

**BARNES & THORNBURG LLP**

Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btaw.com

Jonathan P. Froemel (*pro hac vice*)
Michael A. Carrillo (*pro hac vice*)
Megan M. New (*pro hac vice*)
Josh R. Denison (*pro hac vice*)
One N. Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 357-1313
E-mail: jonathan.froemel@btlaw.com
E-mail: michael.carrillo@btlaw.com
E-mail: megan.new@btlaw.com
E-mail: josh.denison@btlaw.com

*Counsel for Foursquare Labs, Inc.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 1

    A. Claim 1 of the '380 Patent is Representative ............................................................ 1

    B. Claim 1 of the '822 Patent, like Claim 1 of the '380 Patent, is Directed to an Abstract Idea ................................................................................... 3

    C. The Asserted Claims Lack Inventive Concepts Sufficient to Transform the Ineligible Concepts Into a Patent-Eligible Application.................................................................................................................... 7

III. CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. Amazon.com Inc.*,
   838 F.3d 1266 (Fed. Cir. 2016)..................................................................................................15

*Alice Corp. Pty. V. CLS Bank Int'l*,
   573 U.S. 208 (2014).............................................................................................................. *passim*

*Ameranth, Inc. v. Domino's Pizza, LLC*,
   792 F. App'x 780 (Fed. Cir. 2019) ...........................................................................................20

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*,
   569 U.S. 576 (2013)....................................................................................................................1

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
   778 F. App'x 882 (Fed. Cir. 2019) ....................................................................................... *passim*

*buySAFE, Inc. v. Google, Inc.*,
   765 F.3d 1350 (Fed. Cir. 2014)..................................................................................................19

*Callwave Commc'ns, LLC v. AT & T Mobility*,
   207 F. Supp. 3d 405 (D. Del. 2016).......................................................................................8, 16

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014), *cert. denied*, 136 S. Ct. 119 (2015)....................................2, 6

*DDR Holdings, LLC v. Hotels.com, L.P.*,
   773 F.3d 1245 (Fed. Cir. 2014)..................................................................................................18

*Elec. Power Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016)..................................................................................................19

matter of *Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016)..................................................................................................18

*Evolutionary Intelligence LLC v. Sprint Nextel Corp.*,
   677 F. App'x 679 (Fed. Cir. 2017) .............................................................................................5

*In-Depth Test, LLC v. Maxim Integrated Prods., Inc.*,
   2018 WL 6617142 (D. Del. Dec. 18, 2018) (Connolly, J.) .......................................................6

*Indivior Inc. v. Dr. Reddy's Labs., S.A.*,
   752 F. App'x 1024 (Fed. Cir. 2018) ...........................................................................................5

*Intellectual Ventures I LLC v. Capital One*,
   792 F.3d 1363 (Fed. Cir. 2015) ............................................................................... 17, 20

*Interval Licensing LLC v. AOL, Inc.*,
   896 F.3d 1335 (Fed. Cir. 2018) ....................................................................................... 18

*LendingTree, LLC v. Zillow, Inc.*,
   656 F. App'x 991 (Fed. Cir. 2016) .................................................................................. 18

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*,
   566 U.S. 66 (2012) ............................................................................................................ 2

*In re Morsa*,
   809 F. App'x 913 (Fed. Cir.), *cert. denied sub nom.*, *Morsa v. Iancu*, 141 S.
   Ct. 359, 208 L. Ed. 2d 87 (2020), *reh'g denied,* 141 S. Ct. 844, 208 L. Ed. 2d
   414 (2020) ....................................................................................................................... 13

*Move, Inc. v. Real Est. All. Ltd.*,
   721 F. App'x 950 (Fed. Cir. 2018) ............................................................................ 19, 20

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   788 F.3d 1359 (Fed. Cir. 2015) .................................................................................. 2, 14

*Realtime Data LLC v. Array Networks Inc.*,
   537 F. Supp. 3d 591 (D. Del.) ........................................................................................... 7

*Sensormatic Elecs., LLC v. Wyze Labs, Inc.*,
   484 F. Supp. 3d 161 (D. Del. 2020) (Connolly, J.), *aff'd*, No. 2020-2320, 2021
   WL 2944838 (Fed. Cir. July 14, 2021) ............................................................... 6, 8, 9, 10

*In re TLI Commc'ns LLC Patent Litig.*,
   823 F.3d 607 (Fed. Cir. 2016) ........................................................................................ 14

*Ultramercial, Inc. v. Hulu, LLC*,
   772 F.3d 709 (Fed. Cir. 2014) ........................................................................................ 13

**Statutes**

35 U.S.C. § 101 ........................................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 1

**I.      INTRODUCTION**

On August 15, 2022, Foursquare filed its Motion to Dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, as each of the Asserted Patents fails to claim patent eligible subject matter. *See Alice Corp. Pty. V. CLS Bank Int'l*, 573 U.S. 208 (2014). Plaintiff BoardActive's Opposition argues that the Asserted Claims are "directed to new and improved tracking and content-delivery systems and methods," D.I. 16 ("Opp") at 9, and that the question of whether the Asserted Claims are directed to an inventive concept should be determined after further fact discovery. Neither of those arguments are sufficient to overcome Foursquare's Motion. No further discovery is required, as the present record, including the face of the Asserted Patents, makes clear that the Asserted Claims are directed to an abstract idea and lack an inventive concept. Plaintiff's Complaint should be dismissed.

**II.     ARGUMENT**

    **A.      Claim 1 of the '380 Patent is Representative**

Plaintiff first argues that Foursquare incorrectly relied on claim 1 of the '380 patent as the representative claim because there is no claim representative of the Asserted Patents. Opp. at 5. But, according to Plaintiff, if any claim were representative, it would be claim 1 of the '822 patent. Opp. at 5. This argument is contradicted by the identical specifications of the '380 and '822 patents, and Plaintiff's acknowledgement that all of the Asserted Claims are "directed to" the same idea. Opp. At 9. Plaintiff phrases this idea as "tracking and content-delivery systems and methods," while Foursquare more specifically recites "tailoring delivered media content, such as advertising, based on information, such as geolocation, about a user or user device." Opp. at 9, D.I. ("Motion") 14 at 5. This is a distinction without a difference. Accordingly, a representative claim analysis is appropriate in this case. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat.*

*Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (holding representative claim analysis appropriate when claims are substantially similar and linked to the same abstract idea).

While Foursquare maintains claim 1 of the '380 patent is the appropriate representative claim, Plaintiff's Complaint should be dismissed under Section 101 even if claim 1 of the '822 patent is the representative claim. Plaintiff argues that claim 1 of the '822 patent is more representative because it "adds an interactive interface." Opp. at 5. Specifically, claim 1 of the '822 patent includes an interface to display the geolocation and administrative controls that provide for enabling, disabling, and defining delivery conditions. *Id*. These additions are not limitations with "distinctive significance" as compared to claim 1 of the '380 patent and do not render it non-representative. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1364 (Fed. Cir. 2018) (holding claim representative if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim).

The widespread use of the technologies underlying the Asserted Patents highlights the insignificance of these purported distinctions. Specifically, the "interface to display the geolocation, content associated with the geolocation, and analytics associated with the content" in claim 1 of the '380 patent requires "delivering media content to a device associated with the consumer." Since at least the invention of the smartphone, the purpose for delivering media content to a consumer's device has been to display that content. Displaying the consumer's location and analytics associated with the content amounts to nothing more than displaying data otherwise acquired in the representative claim. Plaintiff's argument for the "distinctive significance" of "providing administrative controls that provide for enabling, disabling, and defining delivery conditions" fares no better, as this limitation is the same as allowing an administrator to "defin[e] a delivery condition for delivering the content" as recited in claim 1 of the '380 patent.

Finally, Plaintiff fails to address how its argument regarding the significance of administrator specified delivery conditions and provision of a display overcomes Plaintiff's terminal disclaimers filed in connection with the Asserted Patents. *See Indivior Inc. v. Dr. Reddy's Labs., S.A.*, 752 F. App'x 1024, 1034 (Fed. Cir. 2018) (holding that "a terminal disclaimer is a strong clue that a patent examiner and, by concession, the applicant, thought the claims in the continuation lacked a patentable distinction over the parent") (internal citations omitted). While Plaintiff now insists that these two elements are of such significance as to render claim 1 of the '380 patent incapable of representing the Asserted Patents, the '822 Patent and the '380 Patent share identical specifications, and are subject to a terminal disclaimer filed by Plaintiff.

## B. Claim 1 of the '822 Patent, like Claim 1 of the '380 Patent, is Directed to an Abstract Idea

Plaintiff's proposed representative claim 1 of the '822 patent, like all of the claims of all of the patents in suit, is "directed to . . . tracking and content-delivery systems and methods," which is an abstract idea. Opp. at 9. According to Plaintiff, the technologies covered by their patents offer "a robust interactive and course of travel-based advertising platform" which "provides companies with the ability to effectively engage end-users by sending contextual advertisements to mobile devices-allowing companies to track advertisement efficacy, and end-users to engage with the brand." *See* Opp. at 3-4. As set forth in Foursquare's Motion to Dismiss, "[t]he ability to run a more efficient advertising campaign, even if novel, and even if aided by conventional computers, is an advance 'entirely in the realm of abstract ideas,' which [the Federal Circuit has] repeatedly held to be ineligible." *See Bridge & Post, Inc.*, 778 F. App'x at 893.

Plaintiff argues that "tracking and content delivery systems and methods" are not an abstract idea because the claims constitute a "technical solution for determining a mobile device's 'course of travel'" which will "allow retailers to measure the effectiveness of advertisement

3

campaigns," and that this is akin to patenting an improvement in the functionality of a computer itself. *See* Opp. at 9. But the Federal Circuit has already rejected this same argument. *See Bridge & Post, Inc.*, 778 F. App'x at 893 (internal quotations omitted) (holding that "effective and efficient revenue modeling for advertising, and efficiently enabling the creation of dynamic ad campaigns and effective targeted ad serving, which facilitates the creation of comprehensive ad campaigns [does not] reflect[] an improvement to the performance of the computer itself"). The claims of the Asserted Patents do not reflect an improvement in computer functionality.

Plaintiff also argues "the Asserted Claims deliver interactive content through a specific and tangible arrangement of hardware and software by determining a mobile device's 'course of travel.'" Opp. at 9-10. This nonspecific hardware arrangement does not save the Asserted Claims. *WhitServe LLC v. Donuts Inc.*, 390 F. Supp. 3d 571, 578 (D. Del. 2019), *aff'd*, 809 F. App'x 929 (Fed. Cir. 2020) (holding "mere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea.") (internal citations omitted). The only hardware components mentioned in Plaintiff's brief are mobile devices and "GPS receivers and beacons." *See* Opp at 16. GPS receivers existed in smartphones prior to the filing of the Asserted Patents, and do not amount to a "tangible arrangement of hardware and software" that renders the Asserted Claims patentable. *See In re TLI Comms. LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016) (holding that "although the claims limit the abstract idea to a particular environment—a mobile telephone system—that does not make the claims any less abstract for the step 1 analysis.").

Plaintiff's reliance on the Federal Circuit's decision in *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.* is misdirected. *CellzDirect* does not, as Plaintiff applies, establish a legal standard whereby "new and improved techniques" that produce "tangible and useful result[s]" are not abstract ideas. Rather, the *CellzDirect* Court was describing why the claims were not directed to a

4

"natural law." *See INO Therapeutics LLC v. Praxair Distribution Inc.*, 782 F. App'x 1001, 1009 (Fed. Cir. 2019) (contextualizing the Federal Circuit's ruling in *CellzDirect*, where "the pitfall in the district court's reasoning in *CellzDirect* is not present here. There, the district court essentially stopped its analysis after identifying a 'natural law'."). Plaintiff's reliance on *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010) similarly fails. *SiRF Tech., Inc.* predates the Supreme Court's *Alice* decision and applies a different standard of patent eligibility—namely, the "machine or transformation" test. *SiRF Tech. v. Int'l Trade Comm'n*, 601 F.3d at 1332; *see also WhitServe LLC v. Donuts Inc.,* 390 F. Supp. 3d 571 at 581 (holding that Section 101 determinations that "occurred before the Supreme Court's decision in *Alice*" are "not based on the correct legal standard.").

Plaintiff's reliance on *Ironworks Pats., LLC v. Apple Inc.* to argue the Asserted Claims are "directed to an improved tangible system," are similarly unavailing. Opp. at 14. The "portable device" in *Ironworks* comprised "control means for monitoring and controlling the operation of the device" and "a user interface which comprises alarm means for performing a silent alarm producing a silent, invisible, tactile sensation in the use." *Ironworks Pats., LLC v. Apple Inc.*, No. CV 17-1399-RGA, 2018 WL 2944475, at *1 (D. Del. June 12, 2018). The "mobile station" included at least "a user interface configured to enable a user to control operation of the mobile station," "a tactile alert device configured to generate a tactile vibration" and "a control circuit configured to control the tactile alert device" amongst other things. *Id*. The claims of the Asserted Patents are not "directed to an improved 'portable device' and 'mobile station'" as in *Ironworks*. Even accepting Plaintiff's characterization that the Asserted Claims are directed to "new and improved tracking and content-delivery systems and methods," these "systems" do not involve any new hardware. *See WhitServe LLC v. Donuts Inc.*, 390 F. Supp. 3d 571 at 578 (holding "mere

5

recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea.") (internal citations omitted). Indeed, while Plaintiff argues that the Asserted Claims solve certain alleged problems, such as "visibility problems of existing billboards," or "memory problems caused by the end users' need to remember advertisement specifics," Opp. at 10, the Asserted Patents purport to solve these problems through use of generic "beacon radio transmitter[s]" and "mobile devices." *See* Opp at 11. But such generic hardware and conventional computers used to "run a more efficient advertising campaign" have already been held to be "within the realm of abstract ideas." *See Bridge & Post, Inc.*, 778 F. App'x at 893.

Plaintiff attempts to separate the Asserted Claims from those in *Bridge & Post*, which it alleges are "vastly different." Opp. at 12. The "incredibly broad methods" of *Bridge & Post* such as "tracking a user's computer network activity and using information gained about the user to deliver targeted media, such as advertisements" are what the Asserted Patents do. The Asserted Claims supposedly differ, requiring "the receipt and comparison of two indications from the mobile device to determine course of travel and allow interactive engagement." *Id*. Plaintiff offers no justification for how these "indications", which are indications of location, are not "location gleaned from network activity," as in *Bridge & Post*. The fundamental characteristics of smart phones, including GPS systems, wireless calling networks, and internet accessibility, utilize "network activity." The Court can take Judicial Notice of this basic network architecture, fundamentally unchanged since before the Asserted Patents were filed. *See United States v. Richardson*, 583 F. Supp. 2d 694, 715 (W.D. Pa. 2008). Plaintiff's characterization of the claims in *Bridge & Post* ignores that the claims of at least the '594 patent of *Bridge & Post* explicitly provide for interactive engagement with media content based on the location and usage history of a mobile device. *See* Claim 1 U.S. Patent 7,657,594, attached hereto as Exhibit A.

Plaintiff's efforts to distinguish *Callwave Commc'ns, LLC v. AT&T Mobility* similarly fail. Plaintiff states that in *Callwave*, the patents "[made] clear that the recited physical components merely provide a generic environment in which to carry out the abstract idea[,]" that "various remote tracking systems were well known in the prior art," and that "[r]equesting and receiving location information is an abstract idea." Opp. at 13. Plaintiff's preferred claim 1 of the '822 patent recites "receiving a specification of the geolocation," "receiving [a] first indication comprises receiving the first location of the mobile computing device," "tracking the mobile computing device in response to the first indication. . . during the course of travel," and "receiving a second indication from the mobile computing device," and "receiving the second location from the mobile computing device during the course of travel[.]" These elements were known in the art, and the combination of receiving location information and tracking a device is the basis of the *Callwave* opinion. Plaintiff suggests the Court can ignore this parallel, as "there is no suggestion that delivering content based on course of travel was known in the art." Opp. at 13. Yet delivery of advertising content based on location history is the subject of the *Bridge & Post* patents (which predated Plaintiff's by over a decade). Further, "delivering media content based on course of travel" is also an abstract idea. *See Sensormatic Elecs., LLC v. Wyze Labs, Inc.*, 484 F. Supp. 3d 161, 165 n. 3 (D. Del. 2020), *aff'd*, No. 2020-2320, 2021 WL 2944838 (Fed. Cir. July 14, 2021) (holding that "[c]ourts often invalidate patents that are directed to a combination of abstract ideas.") (internal citations omitted).

C. **The Asserted Claims Lack Inventive Concepts Sufficient to Transform the Ineligible Concepts Into a Patent-Eligible Application**

Plaintiff's Opposition does not overcome Foursquare's argument that the Asserted Claims lack an inventive concept. While Plaintiff contends that "very specific techniques are claimed" in the Asserted Patents, Plaintiff notably does not identify what those specific techniques are. Opp.

7

at 20. Instead, Plaintiff makes several procedural and irrelevant arguments as to why Foursquare's motion fails. None of Plaintiff's arguments are sufficient to overcome Foursquare's showing that the Asserted Patents lack an inventive concept.

*First*, Plaintiff argues that "[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination" and that "[a] court may not grant a motion to dismiss based on a factual determination that conflicts with well-pled allegations in the complaint." *See* Opp. at 17 citing *Berkheimer v. HP Inc.*, 881 F.3d at 1369, *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). Plaintiff is wrong and its reading of *Berkheimer* is incomplete. In particular, the *Berkheimer* court expressly rejected Plaintiff's position here, holding that "[p]atent eligibility has in many cases been resolved on motions to dismiss or summary judgment. Nothing in this decision should be viewed as casting doubt on the propriety of those cases." *Berkheimer,* 881 F.3d at 1368. The *Aatrix* Court confirmed this, holding that Section 101 matters are resolved at the 12(b)(6) stage "when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix* 882 F.3d at 1125.

While "patentees who adequately allege their claims contain inventive concepts [to] survive a Section 101 eligibility analysis under Rule 12(b)(6)," *id*. at 1126–27, may survive a motion to dismiss, Plaintiff has not done so here. Plaintiff's Complaint is devoid of inventive concept, let alone facts to support such a conclusion. This case is unlike *Berkheimer* and *Aatrix*, and akin to cases in this District that hold patents ineligible under Section 101 at the Rule 12(b)(6) stage. *See, e.g., WhitServe LLC v. Donuts Inc.*, 390 F. Supp. 3d 571 at 575 (collecting cases) (holding "*Berkheimer* and *Aatrix* are inapplicable" where a patent "describes improving the speed

8

and efficiency with which humans deliver professional services by automating that practice through use of generic computer components performing routine functions.").

***Second***, Plaintiff appears to rely on the fact that the USPTO issued its patents as "proof" that the Asserted Patents include an inventive concept. This argument also fails. The Federal Courts are "the final arbiter of patent validity," and ultimately decide validity questions "without deference to the rulings of the patent examiner." *Evonik Degussa GmbH v. Materia Inc.*, No. 09-CV-636 (NLH/JS), 2016 WL 337378, at *6 (D. Del. Jan. 26, 2016). Plaintiff attaches a series of amendments submitted during the prosecution of the '822 patent, stating "the Office withdrew its eligibility rejection during the prosecution of the '822 patent" after the claims were revised as attached. *See* Opp. at 18. These documents are neither precedential nor persuasive.

Plaintiff suggests that the USPTO Examiner withdrew a Section 101 rejection because of amendments to the Asserted Claims concerning an "interface configured to display the geolocation, content, and analytics," and the "receiving first and second indication, tracking the mobile device, and transmitting content based on the course of travel." This is supported neither by the exhibits to Plaintiff's Opposition, nor the public record, which does not articulate the Examiner's reasoning. Opp. at 18-19. The cherry-picked portion of the record that Plaintiff attached to its Opposition further lacks context from the larger file history, which includes multiple USPTO interviews and additional amendments prior to allowance.

Even if Plaintiff's assumptions are correct, and the "interface configured to display the geolocation, content, and analytics," and "receiving first and second indication, tracking the mobile device, and transmitting content based on the course of travel," were the basis of the USPTO's allowance, these are the exact USPTO determinations to which this Court should give no deference. *Evonik Degussa GmbH v. Materia Inc.*, No. 09-CV-636 (NLH/JS), 2016 WL

9

337378, at *6 (D. Del. Jan. 26, 2016). As discussed above with respect to at least the *Bridge & Post* and *Callwave* cases, tracking a device and displaying advertisement data were not new concepts on April 10, 2017 when Plaintiff filed the Asserted Patents. The court need not accept Plaintiff's conclusory statements that "at that time [prior to the patents] there was no way to interactively connect a brand or creative to a consumer in real-time." (Opp. at 17) A court reviews pleadings according to "its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Connecting brands to consumers in real-time was the basis of monetizing the internet, and social media in particular, long prior to the April 10, 2017 priority date of the Asserted Patents; the Court can take judicial notice of this fact. *See United States v. Richardson*, 583 F.Supp.2d 694, 715 (W.D. Pa. 2008).

**Third**, Plaintiff argues that the Asserted Claims are not "result-focused" because they "claim the solution itself." Again, Plaintiff does not identify any language in the Asserted Claims or the Complaint that teach how to "achieve the invention." Plaintiff's self-serving conclusions are insufficient to satisfy the inventive concept requirement for any of the Asserted Patents. *Thompson v. TCT Mobile, Inc.*, No. CV 19-899-RGA-SRF, 2020 WL 1531333, at *10 (D. Del. Mar. 31, 2020) (finding "conclusory descriptions are not plausible and specific factual allegations that the user interface is inventive sufficient to survive step two."); *see also Move, Inc. v. Real Estate Alliance Ltd.*, 721 F. App'x 950, 957 (Fed. Cir. 2018) (holding an expert's "conclusory declaration" that provided "no citations to support [a proffered legal conclusion] and contain[ed] no additional rationale" was only a "bald assertion" that did "not satisfy the inventive concept requirement.").

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Foursquare's motion.

| | |
|---|---|
| Dated:  September 23, 2022 | BARNES & THORNBURG LLP |
| | |
| | /s/  Chad S.C. Stover |
| | Chad S.C. Stover (No. 4919) |
| | 222 Delaware Avenue, Suite 1200 |
| | Wilmington, Delaware 19801-1050 |
| | Telephone: (302) 300-3474 |
| | E-mail:  chad.stover@btaw.com |
| | |
| | Jonathan P. Froemel (*pro hac vice*) |
| | Michael A. Carrillo (*pro hac vice*) |
| | Megan M. New (*pro hac vice*) |
| | Josh R. Denison (*pro hac vice*) |
| | One N. Wacker Drive, Suite 4400 |
| | Chicago, IL  60606-2833 |
| | Telephone:  (312) 357-1313 |
| | E-mail:  jonathan.froemel@btlaw.com |
| | E-mail:  michael.carrillo@btlaw.com |
| | E-mail: megan.new@btlaw.com |
| | E-mail: josh.denison@btlaw.com |
| | |
| | *Counsel for Foursquare Labs, Inc.* |